# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**BEN HENRY SCOTT (#94592)**　　　　　　　　　　**CIVIL ACTION NO.**

**VERSUS**　　　　　　　　　　　　　　　　　　**18-626-BAJ-EWD**

**KEITH TURNER, ET AL.**

## NOTICE

　　Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

　　In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

　　ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

　　Signed in Baton Rouge, Louisiana, on October 21, 2019.

　　　　　　　　　　　　　　　　　　　　　　　/s/ Erin Wilder-Doomes
　　　　　　　　　　　　　　　　　　　　　　　**ERIN WILDER-DOOMES**
　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BEN HENRY SCOTT (#94592)　　　　　　　　　　CIVIL ACTION NO.

VERSUS　　　　　　　　　　　　　　　　　　　18-626-BAJ-EWD

KEITH TURNER, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Pro se* Plaintiff, Ben Henry Scott ("Plaintiff"), an inmate confined at the Dixon Correctional Institute ("DCI"), Jackson, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Keith Turner ("Turner"), Michael Spangler ("Spangler"), Jonathan Criswell ("Criswell"), Brian Forster ("Forster"), and Shalanda Wells ("Wells") (collectively, "Defendants").[1] Plaintiff's Complaint alleges that Defendants conspired and retaliated against Plaintiff because he denied accusations that he was selling "Mojo."[2] Plaintiff prays for monetary and injunctive relief.[3] The undersigned recommends dismissal pursuant to 18 U.S.C. §§ 1915(e) and 1915A of all claims, with the exception of Plaintiff's retaliation claims against Turner in his individual capacity for monetary damages.[4]

### I.   Background

Plaintiff alleges that Defendants conspired to retaliate against Plaintiff by filing false disciplinary reports against him that resulted in Plaintiff being placed in administrative segregation.[5] In support of Plaintiff's claims of conspiracy and retaliation, he provides the following allegations. On approximately November 17, 2017, Plaintiff was moved within the

---

[1] R. Doc. 1.
[2] R. Doc. 1, pp. 3-10.
[3] R. Doc. 1, pp. 31-32. Plaintiff also asks that the named Defendants be charged with "malfeasance in office."
[4] The retaliation claims should also be limited solely to the disciplinary report and adverse consequences associated with the finding of the "Mojo" cigarette.
[5] R. Doc. 1, pp. 3-4. Plaintiff alleges that the disciplinary charges violated his due process rights and that placement in administrative segregation violated his right to be free from cruel and unusual punishment.

prison to a new compound. On December 7, 2017, Plaintiff alleges that Criswell escorted Plaintiff to Turner's office, at which time Turner accused Plaintiff of selling "Mojo."[6] Plaintiff avers he denied selling Mojo, and Turner looked to Criswell and stated "next time we hear about Offender Scott selling Mojo, you know what to do."[7] Plaintiff alleges that Criswell answered in the affirmative, after which Plaintiff was allowed to leave the office.

On December 12, 2017, Criswell and Spangler allegedly escorted Plaintiff to Turner's office again.[8] Plaintiff alleges that Turner again accused Plaintiff of selling Mojo, which Plaintiff denied.[9] Thereafter, Plaintiff accused Turner of harassment, to which Turner allegedly replied "I'll give you harassment" and then, again, told Spangler and Criswell, "you know what to do."[10] Plaintiff was then allowed to leave, but when he returned to his cell, he noticed his lockers were missing.[11] Plaintiff turned around in an attempt to discuss with Turner the fact that his lockers were missing, but on the way to see Turner, Spangler stopped Plaintiff and informed Plaintiff that he was "being locked up for four pills founded [sic] in [Plaintiff's] property."[12] Plaintiff submitted to a drug test, which he passed, and was then placed in administrative segregation for possessing contraband including four pills and one Mojo cigarette.[13]

According to Plaintiff, the above facts show that Defendants conspired to retaliate against Plaintiff because he denied selling Mojo.[14] Plaintiff states that the disciplinary reports issued were false and[15] that the disciplinary report regarding the pills found in Plaintiff's lockers was

---

[6] R. Doc. 1, p. 4.
[7] R. Doc. 1, p. 5. Plaintiff also alleges that "you know what to do" is a type of code phrase used by Defendants when prison personnel conspire against prisoners.
[8] R. Doc. 1, p. 6.
[9] R. Doc. 1, pp. 67.
[10] R. Doc. 1, p. 7.
[11] R. Doc. 1, pp. 7-8.
[12] R. Doc. 1, pp. 7-8.
[13] R. Doc. 1, p. 9.
[14] R. Doc. 1, p. 9.
[15] R. Doc. 1, p. 10.

dismissed, although Plaintiff was found guilty and sentenced to extended lockdown for eighty days for possession of the Mojo cigarette.[16] The first disciplinary report, for possession of pills, was allegedly dismissed because the report contained the handwriting of multiple individuals.[17] Plaintiff contends Forster attempted to cover up Spangler's part in the conspiracy of writing a false disciplinary report by filling out part of the disciplinary report to make it appear as though Forster was the author of the disciplinary report instead of Spangler.[18] Plaintiff further avers that Spangler knew he may have a "problem" with the disciplinary report accusing Plaintiff of possession of the pills, which Plaintiff also contends were "planted," so Spangler issued a second disciplinary report, also false according to Plaintiff, for possession of the Mojo cigarette.[19] With respect to the Mojo cigarette, Plaintiff contends Criswell ordered Wells to file the disciplinary report regarding the Mojo cigarette to cover up Criswell's part in the conspiracy to retaliate against Plaintiff.[20]

Plaintiff goes on to allege the timing of the searches finding the Mojo cigarette after finding the pills is suspicious.[21] Plaintiff calls into question the circumstances surrounding each search, why the presence of officers differs in the reports, and why one search concluded before another.[22] Plaintiff also asserts that Criswell planted the Mojo cigarette and orchestrated the conspiracy but provides no facts as to Criswell's motive.[23] Plaintiff also points out that since the above events transpired, some of Defendants have received promotions, which Plaintiff also finds suspicious.

---

[16] R. Doc. 1, p. 11.
[17] R. Doc. 1, pp. 12-13.
[18] R. Doc. 1, pp. 12-13.
[19] R. Doc. 1, pp. 12-16.
[20] R. Doc. 1, pp. 16-17.
[21] R. Doc. 1, pp. 17-19.
[22] R. Doc. 1, pp. 18-24.
[23] R. Doc. 1, pp. 25-26.

## II.     Law & Analysis

### A.  Standard of Review

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is asserting a claim against a governmental entity or an officer or employee of a governmental entity if the Court is satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.  The statutes impose similar standards for dismissal; an action may be dismissed if the court determines that the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[24]  Both statutes are intended to afford the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact.

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[25]  A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[26]  The law accords judges not only the authority to dismiss a claim that is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.[27]  Pleaded facts that are merely improbable or strange, however, are not frivolous for purposes of § 1915.[28]  A § 1915

---

[24] *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).  § 1915(e) provides a procedural mechanism for dismissal of those lawsuits by prisoners against a governmental entity or employee or officer of a governmental entity. that are frivolous, malicious, or fail to state a claim in only those proceedings where the plaintiff was granted leave to proceed *in forma pauperis*; § 1915A provides a procedural mechanism for dismissal of lawsuits that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless of the pauper status of the plaintiff.  Plaintiff was granted permission to proceed *in forma pauperis* on May 22, 2019. (R. Doc. 6).
[25] *Denton*, 504 U.S. at 32-33.
[26] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[27] *Denton v. Hernandez, supra*, 504 U.S. at 32.
[28] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).

4

dismissal may be made at any time, before or after service of process and before or after an answer is filed.[29]

### B. Conspiracy

A plaintiff who asserts conspiracy claims under civil rights statutes, such as § 1983, must plead the operative facts upon which their claim is based.[30] "Bald allegations that a conspiracy existed are insufficient."[31] The claims against Defendants amount to no more than a claim that Defendants were performing their assigned duties in questioning Plaintiff when accusations were made against him, searching Plaintiff's property for evidence of a disciplinary infraction, and issuing disciplinary reports when the circumstances warranted. Plaintiff has not presented any facts from which a conspiracy can logically be inferred, and thus, Plaintiff has failed to state a claim for conspiracy.

### C. Disciplinary Reports/Proceedings

To the extent Plaintiff alleges that the filing of false disciplinary reports violates his constitutional rights,[32] these claims also fail. An inmate does not have a constitutional right to have his prison disciplinary or administrative proceedings properly investigated, handled, or favorably resolved,[33] and there is no procedural due process right inherent in such a claim. As stated by the United States Court of Appeal for the Fifth Circuit in *Geiger v. Jowers*:[34]

> Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous…[The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on legally nonexistent interest, any alleged due process

---

[29] *See Green*, 788 F.2d at 1119.
[30] *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987).
[31] *Id.*
[32] *See* R. Doc. 1, p. 3.
[33] *Mahogany v. Miller,* 252 F. App'x. 593, 595 (5th Cir. 2007).
[34] 404 F.3d 371 (5th Cir. 2005) (in the context of the handling of an administrative grievance).

5

>violation arising from the alleged failure to investigate his grievances is indisputably meritless.[35]

This conclusion is equally applicable in the context of prison disciplinary proceedings.[36] Plaintiff has failed to state a claim for violation of his rights to procedural due process.[37]

### D. Cruel & Unusual Punishment

Plaintiff has also failed to state a claim under the Eighth Amendment because being placed in administrative segregation does not constitute cruel and unusual punishment so as to violate Plaintiff's Eighth Amendment. The prohibition against cruel and unusual punishment mandates that prisoners be afforded humane conditions of confinement and that they receive adequate food, shelter, clothing and medical care.[38] However, a constitutional violation occurs only when two requirements are met. First, there is the objective requirement that the condition "must be so serious as to 'deprive prisoners of the minimal civilized measure of life's necessities,' as when it denies the prisoner some basic human need."[39] Second, under a subjective standard, the Court must determine that the prison officials responsible for the deprivation have been "deliberately indifferent to inmate health or safety."[40] While some conditions of confinement may establish an Eighth Amendment violation "in combination," when each would not do so alone, this will occur only when those conditions have a mutually enforcing effect that produces the deprivation of a

---

[35] *Id*. at 373-74.
[36] *See, e.g., Sanchez v. Grounds,* 2014 WL 1049164, *2 (E.D. Tex. Mar. 14, 2014) (finding that an inmate's claim regarding a failure to conduct a "proper investigation" of a disciplinary charge "did not amount to a constitutional deprivation"); and *Jackson v. Mizell,* 2009 WL 1792774, *7 n.11 (E.D. La. June 23, 2009) (noting that "the Court fails to see how a prisoner could ever state a cognizable claim alleging an inadequate disciplinary investigation").
[37] *See also Fisher v. Wilson*, 74 F.App'x. 301 (5th Cir. 2003) (When a plaintiff fails to allege that placement in administrative segregation presented an atypical or significant hardship beyond the ordinary incidents of prison life, giving rise to a constitutionally protected liberty interest that would trigger due-process guarantees, he has failed to state a claim for violation of due process).
[38] *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001). *See also Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (recognizing that "[t]he Constitution does not mandate comfortable prisons ... but neither does it permit inhumane ones").
[39] *Harris v. Angelina County, Texas*, 31 F.3d 331, 334 (5th Cir. 1994).
[40] *Farmer v. Brennan,* 511 U.S. 825, 837 (1994); *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995).

6

single, identifiable human need. Further, conclusory allegations are not sufficient, and a plaintiff must present specific facts to support what are otherwise broad and conclusory allegations of cruel and unusual punishment.[41]

Plaintiff has not alleged any facts to indicate he has been deprived of any basic human need. Placement in administrative segregation does not demonstrate that Plaintiff was *per se* deprived of the "minimal civilized measure of life's necessities" or of any specific "basic human need." As such, Plaintiff's claims for cruel and unusual punishment should also be dismissed for failure to state a claim.

### E. Retaliation

Claims of retaliation by prison inmates are regarded with skepticism, lest the federal courts potentially embroil themselves in every adverse action that occurs within a penal institution.[42] Accordingly, to prevail on a claim of retaliation, a prisoner must establish (1) that he was exercising or attempting to exercise a specific constitutional right, (2) that the defendant intentionally retaliated against the prisoner for the exercise of that right, (3) that an adverse retaliatory action, greater than *de minimis,* was undertaken against the prisoner by the defendant, and (4) that there was causation, *i.e.,* that "but for" the retaliatory motive, the adverse action would not have occurred.[43]

Plaintiff alleges he was attempting to exercise his right to free speech guaranteed by the First and Fourteenth Amendments when he denied the allegations that he was selling Mojo.[44] Though Plaintiff has pointed to a specific constitutional right, his claims of retaliation against

---

[41] *See Rougley v. GEO Group*, 2011 WL 7796488, *3 (W.D. La. Nov. 7, 2011).
[42] *Woods v. Smith,* 60 F.3d 1161, 1166 (5th Cir. 1995).
[43] *Morris v. Powell,* 449 F.3d 682, 684 (5th Cir. 2006). *See also Hart v. Hairston,* 343 F.3d 762, 764 (5th Cir. 2003); *Jones v. Greninger,* 188 F.3d 322, 324–25 (5th Cir. 1999).
[44] R. Doc. 1, p. 3. *See Collins v. Tarrant*, 132 F.3d 1454 (5th Cir. 1997) ("To state a claim of retaliation based on the filing of a disciplinary report, the prisoner must allege the violation of a specific constitutional right….").

7

Spangler, Criswell, Forster, and Wells, nevertheless, fail because Plaintiff has failed to state a retaliatory motive with respect to any of these Defendants.[45] A plaintiff, in this type of action, must be able to show more than his "mere personal belief that he is the victim of retaliation."[46] While Plaintiff's allegations against these Defendants sound in conspiracy, as stated above, Plaintiff's conspiracy claims fail.

However, Plaintiff has stated sufficient facts against Turner to state a claim for retaliation for purposes of the screening process conducted pursuant to 28 U.S.C. §§ 1915(e) and 1915A. According to the Complaint, Plaintiff was attempting to exercise his right to freedom of speech when he was confronted by Turner. Plaintiff alleges that Turner made statements indicating his intent to retaliate against Plaintiff, such as "I'll give you harassment."[47] This statement, along with the other similar statements given in response to Plaintiff refusing to admit to selling Mojo, is sufficient to state retaliatory motive and intent at this stage of the proceedings.

Plaintiff has also alleged enough facts to state that he suffered a greater than *de minimis* adverse action. As a result of Plaintiff's conviction for possession of the Mojo cigarette, Plaintiff was sentenced to extended lockdown for eighty days and lost fifty-two weeks of incentive wages.[48] In *Morris*,[49] the Fifth Circuit announced a *de minimis* standard for prisoner retaliation claims: "Retaliation against a prisoner is actionable only if it is capable of deterring a person of ordinary firmness from further exercising his constitutional rights." "[T]his [*de minimis*] threshold is intended to weed out only inconsequential actions and is not a means to excuse more serious retaliatory acts by prison officials."[50]

---

[45] *See Id.* (a prisoner must "establish that but for the retaliatory motive the disciplinary report would not have been filed.").
[46] *Id.*
[47] R. Doc. 1, p. 7.
[48] R. Doc. 1, pp. 10-11.
[49] 449 F.3d at 686.
[50] *Id.*

8

The Fifth Circuit has not provided a bright line test for determining when a retaliatory action exceeds the *de minimis* threshold. Whereas a transfer to a less desirable job assignment would not be enough, a transfer to a more dangerous unit or job assignment may be.[51] It is appropriate for the Court to consider the frequency of occurrence and the length of duration of the retaliatory action in evaluating whether the *de minimis* threshold has been met.[52] For example, a denial of recreation or food on a single occasion is not seen to be greater than *de minimis*.[53] It has also been found that the issuance of a single disciplinary report that is later dismissed *without* punishment is no more than a *de minimis* adverse act.[54] Based on the foregoing case law, the alleged loss sustained is likely more than *de minimus*.[55] However, Plaintiff has only suffered an adverse consequence as a result of his conviction for possession of Mojo.

The disciplinary report regarding possession of four pills was dismissed, and because that report was dismissed without punishment, which is no more than a *de minimus* act, Plaintiff's retaliation claims fail with respect to the disciplinary report issued regarding possession of pills. Though Plaintiff's claims for retaliation regarding the adverse consequences of Plaintiff's conviction for possession of the Mojo cigarette against Turner remain, it is also appropriate to dismiss portions of Plaintiff's claims for relief against Turner.

---

[51] *Morris*, 449 F.3d at 687.
[52] *See Gonzales v. Currie,* 2014 WL 222353, *5 (S.D. Tex. Jan. 21, 2014).
[53] *Ordaz v. Lynaugh,* 20 F.3d 1171 (5th Cir.1994); *Dickerson v. Johnson,* 234 F.3d 29 (5th Cir. 2000).
[54] *See Smith v. Hebert,* 2011 WL 4591076, *8 (M.D. La. Aug.26, 2011), *affirmed,* 533 Fed. Appx. 479 (5th Cir. 2013); *Ghosh v. McClure,* 2007 WL 400648, *11–12 (S.D. Tex. Jan. 31, 2007). *See also, Brightwell v. Lehman,* 637 F.3d 187, 194 (3rd Cir.2011) (same); *Bridges v. Gilbert,* 557 F.3d 541, 556 (7th Cir. 2009) (same); *Starr v. Dube,* 334 Fed. App'x. 341 (1st Cir.2009) (same). *Cf., Zarska v. Higgins,* 171 Fed. Appx. 255, 259–60 (10th Cir.2006) (concluding, in contrast, that the mere filing of disciplinary charges, even if later dismissed, may support a claim of retaliation); *Brown v. Crowley,* 312 F.3d 782, 789 (6th Cir.2002) (same); *Dixon v. Brown,* 38 F.3d 379, 379–80 (8th Cir.1994) (same).
[55] Though the disciplinary violation was ultimately dismissed on appeal, Plaintiff still sustained a loss that could be considered more than *de minimis*.

9

To the extent Plaintiff seeks monetary damages against Turner in his official capacity, those claims must be dismissed. 42 U.S.C. § 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983.[56] In addition, in *Hafer v. Melo*,[57] the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment.[58] Accordingly, any § 1983 claims asserted against these Defendants in their official capacities for monetary damages are subject to dismissal.

Plaintiff also seeks injunctive relief, but the injunctive relief Plaintiff seeks is inappropriate. Plaintiff requests that this Court charge Defendants with "malfeasance in office," require that they receive counseling, and that this Court enjoin Defendants from taking further retaliatory measures against Plaintiff. Plaintiff's request that Defendants be charged with malfeasance in office is not viable because decisions regarding whether to prosecute or file criminal charges against an individual lie within the prosecutor's discretion, and private citizens do not have a constitutional right to have an individual criminally prosecuted.[59] Regarding the request that Defendants be required to receive counseling, federal courts ordinarily accord great deference to the internal administrative decisions of prison officials and to entertain a request such as is presented here would be against precedent and the public's interest as well as a possible abuse of judicial

---

[56] *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989).
[57] 502 U.S. 21 (1991).
[58] *Id.* at 25.
[59] See *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973); *United States v. Batchelder,* 442 U.S. 114, 124 (1979); see also *Oliver v. Collins,* 914 F.2d 56, 60 (5th Cir.1990).

10

resources.[60] Finally, Plaintiff's request that Defendants be enjoined from taking further retaliatory measures must be denied because Plaintiff has not alleged any facts indicating he has been threatened with further retaliatory measures.[61] Accordingly, Plaintiff's requests for injunctive relief should be denied.

For the foregoing reasons, Plaintiff has failed to state a claim upon which relief may be granted as to all claims against Defendants Spangler, Criswell, Forster, and Wells. Plaintiff has also failed to state a claim against Turner for monetary damages in Turner's official capacity, conspiracy, cruel and unusual punishment, due process violations, and injunctive relief. Accordingly, those claims should be dismissed pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

## RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiff's claims against Michael Spangler, Jonathan Criswell, Brian Forster, and Shalanda Wells be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims against Keith Turner for monetary damages in his official capacity, as well as all claims for conspiracy, cruel and unusual punishment, due process violations, and injunctive relief be **DISMISSED WITH PREJUDICE**.

---

[60] *Ware v. Tanner*, Civil Action No. 12-2250, 2013 WL 5589506 at *10 (E.D. La. Oct. 10, 2013) *citing Royal v. Clark*, 447 F.2d 501, 502 (5th Cir. 1971); *Krist v. Smith,* 439 F.2d 146 (5th Cir.1971); *Haggerty v. Wainwright,* 427 F.2d 1137 (5th Cir.1970).
[61] *See Stevens v. Heard*, 674 F.2d 320, 324 (5th Cir. 1982).

**IT IS FURTHER RECOMMENDED** that this matter be referred to the magistrate judge for further proceedings on Plaintiff's remaining claims, *i.e.*, Plaintiff's claims for monetary damages against Keith Turner in his individual capacity for retaliation.[62] An Order regarding service of process of the retaliation claims against Keith Turner will be issued separately.

Signed in Baton Rouge, Louisiana, on October 21, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[62] This Report and Recommendation does not speak to the ultimate viability of the remaining claim; the only conclusion of this Report is that the remaining claim is not so factually or legally frivolous as to warrant dismissal pursuant to 28 U.S.C. §§ 1915(e) or 1915A.