UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BEN HENRY SCOTT                                            CIVIL ACTION

VERSUS

KEITH TURNER, ET AL.                                NO.: 18-00626-BAJ-EWD

## RULING AND ORDER

Before the Court is the United States Magistrate Judge's **Report and Recommendation (Doc. 11)** pursuant to 28 U.S.C. §636(b)(1). The Report and Recommendation addresses pro se Plaintiff Ben Henry Scott's Complaint (Doc. 1) against Defendants under 42 U.S.C. §1983, alleging constitutional violations, conspiracy, and retaliation. The Magistrate Judge recommended that Plaintiff's action be dismissed with prejudice against Defendants Michael Spangler, Jonathan Criswell, Brian Forster, and Shalanda Wells for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A. (Doc. 11 at p. 12). The Magistrate Judge further recommended that Plaintiff's claims against Defendant Keith Turner for monetary damages in his official capacity as well as claims for conspiracy, cruel and unusual punishment, due process violations and injunctive relief be dismissed with prejudice.

The Report and Recommendation notified the parties that, pursuant to 28 U.S.C. §636(b)(1), they had fourteen days from the date they received the Report and Recommendation to file written objections to the proposed findings of fact,

conclusions of law, and recommendations therein. Plaintiff timely filed an objection, and Defendant did not respond.

The Magistrate Judge found that Plaintiff failed to plead operative facts for his conspiracy claim and failed to state a constitutional right that has been violated regarding the false disciplinary reports. (Doc. 11 at p. 6). The Magistrate Judge also found that Plaintiff's Eighth Amendment rights were not violated when Plaintiff was assigned to administrative segregation. As for the retaliation claims, the Magistrate Judge found that to the extent Plaintiff seeks monetary damages against Defendant Turner in his official capacity, Plaintiff's claim should be dismissed, and that the injunctive relief sought is inappropriate.

In his objection, Plaintiff argues that the Magistrate Judge omitted valid information that would warrant a claim of retaliation. Plaintiff argues that the details he included in his Complaint that were omitted from the Report and Recommendation were pertinent to his retaliation claim, such as the fact that he has never been investigated for selling drugs before the incident and that upon a search of his property, no items were confiscated. (Doc. 14 at p. 5) Plaintiff further argues that he properly stated claims for Eighth and Fourteenth Amendment violations and retaliation because he was secretly disciplined for his protected speech and that Defendants were acting under color of the Department of Corrections. (Id. at p. 24-25, 28).

The Court finds that the Magistrate Judge did not err in recommending the dismissal of Plaintiff's claims. The Court finds that Plaintiff failed to properly plead

2

a claim for conspiracy. A plaintiff who asserts conspiracy claims under civil rights statutes, such as 42 U.S.C. § 1983, must plead the operative facts upon which their claims is based. See *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). Plaintiff failed to present any facts from which a conspiracy could be logically inferred. The Court also finds that dismissal is appropriate concerning the prison disciplinary reports and proceedings. Plaintiff, as an inmate, has no constitutional right regarding the investigation or favorable resolution of prison disciplinary proceedings, and there is no due process right inherent within a claim such as this. See *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2007).

The Court further finds that Plaintiff failed to state an Eighth Amendment violation for cruel and unusual punishment. An Eighth Amendment violation occurs when two elements are met, (1) the condition must be so serious as to deprive prisoners of the minimal civilized measure of life's necessities, as when it denies the prisoner some basic human need, and (2) the prison officials responsible for the deprivation have been deliberately indifferent to inmate health or safety. See *Hermann v. Holiday*, 238 F.3d 660,664 (5th Cir. 2001); *Harris v. Angelina County, Texas*, 31 F. 716,719 (5th Cir. 1994). Plaintiff failed to allege any facts to indicate that he has been deprived of any basic human need, and his placement in administrative segregation does not demonstrate that Plaintiff was deprived of the minimal civilized measure of life's necessity or of any specific basic human need.

Finally, the Court finds that Plaintiff's retaliation claims must dismissed. Although the Magistrate Judge noted that Plaintiff stated sufficient facts against

Defendant Turner for a retaliation claim, Plaintiff cannot seek monetary damages against Defendant Turner in his official capacity because § 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials in their official capacities. See *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). As for injunctive relief regarding the retaliation claim, the nature of Plaintiff's request is inappropriate. Plaintiff requests the Court to charge Defendants with "malfeasance in office", require counseling, and enjoin Defendants from any further retaliatory measures against Plaintiff. The Court cannot charge Defendants with malfeasance because decisions regarding whether to prosecute lie within the prosecutor's discretion, and private citizens do not have a constitutional right to have an individual criminally prosecuted. See *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *United States v. Batchelder*, 442 U.S. 114, 124 (1979). The Court agrees with the Magistrate Judge's finding that requiring Defendants to enroll in counseling is an abuse of judicial resources and that the Court cannot enjoin Defendants from taking further retaliatory measures because Plaintiff has failed to allege any facts indicating that he has been threatened with further retaliatory measures.

Having carefully considered the underlying Complaint, the instant motion, and related filings, the Court approves the Magistrate Judge's Report and Recommendation, and hereby adopts its findings of fact, conclusions of law, and recommendation.

**IT IS ORDERED** that the **Magistrate Judge's Report and Recommendation (Doc. 11)** is **ADOPTED** as the Court's opinion herein.

**IT IS FURTHER ORDERED** that this Plaintiff's claims against Defendants Michael Spangler, Jonathan Criswell, Brian Forster, and Shalanda Wells are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant Keith Turner for monetary damages in his official capacity and all claims for conspiracy, cruel and unusual punishment, due process violations, and injunctive relief are **DISMISSED WITH PREJUDICE**.

Baton Rouge, Louisiana, this 10th day of March, 2020.

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA