UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BEN HENRY SCOTT                                                    CIVIL ACTION

VERSUS

KEITH TURNER, ET AL.                                          NO. 18-00626-BAJ-EWD

### RULING AND ORDER

Before the Court are Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (Doc. 28) and the Court's Ruling and Order adopting same (Doc. 29). The Court will construe Plaintiff's Objections (Doc. 28; Doc. 29) collectively as a Motion to Vacate Judgment pursuant to Federal Rule of Civil Procedure 59(e).

### I.  PROCEDURAL HISTORY

Plaintiff, proceeding *pro se*, filed suit against several Defendants, including Defendant Keith Turner. (Doc. 1). Plaintiff was granted permission to proceed *in forma pauperis*. (Doc. 6; Doc. 9). Thereafter, the Court withheld ordering issuance of service of process to conduct the screening required by 28 U.S.C. §§ 1915(e) and 1915A. (Doc. 12).

On October 21, 2019, as a result of the screening process, the Magistrate Judge issued a Report and Recommendation recommending dismissal of some of Plaintiff's claims. (Doc. 11). Relevant to the instant Motion, the Magistrate Judge recommended that the Court refer the matter to the Magistrate Judge for further proceedings

1

regarding Plaintiff's claims for monetary damages against Turner in his individual capacity for retaliation. (*Id.* at p. 13). The Court adopted the Report and Recommendation. (Doc. 16).

Shortly thereafter, the Magistrate Judge ordered the U.S. Marshal to serve Turner. (Doc. 17). Once served, Turner filed a Motion to Dismiss for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 19; Doc. 22). On February 22, 2021, the Magistrate Judge issued a second Report and Recommendation recommending that the Court grant Turner's Motion and dismiss the entire matter with prejudice. (Doc. 26). Plaintiff did not file a timely Objection to the Report and Recommendation. Thus, the Court adopted the Report and Recommendation, granted Turner's Motion to Dismiss, and dismissed the matter with prejudice. (Doc. 27).

Shortly after the Court issued its Ruling and Order, Plaintiff filed an Objection to the Report and Recommendation (Doc. 28) and an Objection to the Court's Ruling and Order. (Doc. 29). As noted, the Court shall liberally construe Plaintiff's Objections as a Motion to Alter or Amend a Judgment pursuant to Federal Rule of Civil Procedure 59(e). Nonetheless, for the reasons stated herein, Plaintiff's Objections are overruled and the Court's Ruling and Order stands. (Doc. 27).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) provides that a party may file "[a] motion to alter or amend a judgment [within] 28 days after the entry of the judgment." *Combs v. Exxon Mobil Corp.*, No. CV 18-00459-BAJ-RLB, 2020 WL 6153685, at *1 (M.D. La. Oct. 20, 2020). The United States Court of Appeals for the Fifth Circuit has explained the purpose and proper application of Rule 59(e) as follows:

> A Rule 59(e) motion "calls into question the correctness of a judgment." *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir.2002). This Court has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990). Rather, Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir.1989) (internal quotations omitted). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *Clancy v. Employers Health Ins. Co.*, 101 F.Supp.2d 463, 465 (E.D.La.2000) (citing 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2810.1, at 124 (2d ed.1995)).

*Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004).

## III. DISCUSSION

In his Objection to the Court's Ruling and Order (Doc. 29), Plaintiff contends that the Court should consider his Objection to the underlying Report and Recommendation because it was timely filed. (Doc. 28). A review of the record, however, shows that Plaintiff's Objection was not timely filed.

The Report and Recommendation, issued on February 22, 2021, emphasizes the following:

3

> In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.
>
> ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

(Doc. 26, p. 1). Here, March 8, 2021, marked the fourteenth day after the issuance of the Report and Recommendation, the deadline to file an objection. (*See* Doc. 26, *see also* docket text accompanying Doc. 26, which provides "Objections to R&R due by 3/8/2021.").

Plaintiff argues that he mailed his Objection on March 11, 2021, and using the "mailbox rule," his objection is therefore timely. (Doc. 29, p. 3). The Fifth Circuit has explained:

> Under the prison mailbox rule, a prisoner's pleading is deemed to have been filed on the date that the *pro se* prisoner submits the pleading to prison authorities for mailing. *Causey v. Cain*, 450 F.3d 601, 604 (5th Cir. 2006) (citing *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988)). For example, if a *pro se* prisoner mails his pleading three days prior to a procedural deadline yet it does not reach the clerk of the court until three days after the deadline, under the prison mailbox rule, the pleading is considered timely.

*Stoot v. Cain*, 570 F.3d 669, 671 (5th Cir. 2009). Here, however, Plaintiff mailed his Objection on March 11, 2021, three days after the filing deadline. (Doc. 29, p. 3 (Plaintiff argued that "the mailing date of [P]laintiff's motion dated,

4

March 11th, 2021, makes that motion filed timely.")). Because his Objection was not "submit[ted] [] to prison authorities for mailing" by March 8, 2021, Plaintiff's Objection was untimely. *See Stoot*, 570 F.3d at 671.

Assuming *arguendo* that the Court should consider Plaintiff's untimely Objection, the outcome of this matter remains the same. In his Objection, Plaintiff argues that the Court's Ruling was incorrect because the Magistrate Judge's February 22, 2021 Report and Recommendation (Doc. 26) contradicted the October 21, 2019 Report and Recommendation (Doc. 11). (Doc. 28, p. 9). Plaintiff challenges the fact that the Court initially found his retaliation claim sufficient to survive the screening process pursuant to 28 U.S.C. §§ 1915(e) and 1915A, but ultimately found his retaliation claim insufficient to state a claim under Rule 12(b)(6).

The Court's Rulings, however, are not contradictory. Rather, different standards apply at different stages of litigation.[1] The Fifth Circuit has distinguished the differing standards between dismissal of a "frivolous" claim under 28 U.S.C. § 1915(e)(2)(B) and dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6):

> Although both Rule 12(b)(6) and § 1915(e)(2)(B) counsel the district court to decide whether dismissal is warranted based only on the complaint, each requires the district court to employ a different standard when determining whether a legal issue is frivolous. "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal on

---

[1] Notably, the Magistrate Judge's October Report and Recommendation merely opined that Plaintiff's claims were "sufficient to state retaliatory motive and intent *at this stage of the proceedings*." (Doc. 11, p. 7 (emphasis added)).

5

> Rule 12(b)(6) grounds is appropriate, but dismissal on the basis of frivolousness is not." Indeed, "a failure to state a claim does not invariably mean that the claim is without arguable merit." The Supreme Court has emphasized that the standard for dismissal is higher under § 1915(e)(2)(B) because the plaintiff may not have the opportunity to respond meaningfully by opposing a motion to dismiss. With this is mind, we have said that a claim lacks an arguable basis in law if it is grounded on an indisputably meritless theory or alleges a violation of a legal interest that clearly does not exist.

*Alfred v. Corr. Corp. of Am.*, 437 F. App'x 281, 284 (5th Cir. 2011) (citing *Neitzke v. Williams*, 490 U.S. 319, 328–30 (1989) ("That frivolousness in the § 1915(d) context refers to a more limited set of claims than does Rule 12(b)(6) accords, moreover, with the understanding articulated in other areas of law that not all unsuccessful claims are frivolous."); *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999)).

Accordingly, a certain claim may not be "frivolous" to warrant dismissal at the outset of a case but may still fail to state a claim under Rule 12(b)(6). Indeed, the Magistrate Judge emphasized in the October Report that "[t]his Report and Recommendation does not speak to the ultimate viability of the remaining claim; the only conclusion of this Report is that the remaining claim is not so factually or legally frivolous as to warrant dismissal pursuant to 28 U.S.C. §§ 1915(e) or 1915A." (Doc. 11, p. 13). Plaintiff's Objections are overruled.

6

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's Objections (Doc. 28; Doc. 29) are **OVERRULED.** The Court's previous Ruling and Order stands. (Doc. 27).

Baton Rouge, Louisiana, this 29th day of September, 2021

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**